PER CURIAM.
Appellant, Steven Gibson, appeals his two concurrent 10-year sentences for the offenses of burglary of a dwelling with intent to commit an assault or battery, and aggravated battery. He raises two issues: (1) that the lower court erred in denying his motion for judgment of acquittal as to the offense of burglary of a dwelling, because the evidence was insufficient to establish that he entered the dwelling with the intent to commit an offense therein; and (2) that the lower court erred in sentencing him, a first-time felony offender, without obtaining and considering a pre-sentence investigation report, which was required by Florida Rule of Criminal Procedure 3.710. We affirm the first issue without comment, but reverse as to the second with directions that the two sentences be vacated, that a presentence investigation report be ordered, and that the appellant thereafter be resentenced after the lower court has had the opportunity to review the pertinent information required by law.
The state concedes that the court erred in failing to order a presentence investigation report before sentencing appellant, but argues that the error was harmless, because the trial court stated that it had reviewed “the court file and records,” which included two psychological reports. The state, however, makes no contention that the court had access to all the information required by Section 921.231, Florida Statutes (1997), which includes, among other things, a description of the defendant’s education, employment background, financial status, social history, residence history, psychological history, and medical history; a description of the resources and services available for treating the defendant; and the opinions, assessment and recommendation of the person who prepared the report.
AFFIRMED in part, REVERSED in part, and REMANDED.
ALLEN, C.J., ERVIN and KAHN, JJ., concur.